

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 6, 1947

Hon. Grady Moore, Chairman
Committee on Counties
House of Representatives
Austin, Texas

Opinion No. V-68

Re: Constitutionality
of H.B. 31, 50th
Legislature, con-
cerning salaries
of sheriffs and
their deputies in
counties having a
population of not
less than 10,000
nor more than
20,000 inhabitants.

Dear Mr. Moore:

Your request for an opinion from this Depart-
ment on the above subject matter is as follows:

"It is requested that an opinion be
rendered on H. B. No. 31 by Hughes, a copy
of which is enclosed. This information as
to the legality of the measure would be
appreciated as soon as possible."

Section 1 of H. B. 31 reads as follows:

"In all counties of the State of Texas
having a population of not less than Ten Thou-
sand (10,000) and not more than Twenty Thou-
sand (20,000) inhabitants according to the
last Federal Census, Commissioners Courts of
such counties shall, from and after effective
date of this Act, compensate the sheriffs of
such counties upon an annual salary basis and
shall fix the salaries of such sheriffs in
such counties at not less than Three Thousand
($3000.00) Dollars per annum payable in twelve
(12) equal monthly installments out of the
General Fund of such county by warrant drawn
upon said fund."

Article 16, Section 61, of the Texas Consti-
tution reads in part as follows:

"All district officers in the State
of Texas and all county officers in coun-
ties having a population of 20,000 or more,
according to the then last preceding Fed-
eral Census, shall from the first day of
January and thereafter, and subsequent to
the first Regular or Special Session of the
Legislature after the adoption of this Reso-
lution, be compensated on a salary basis.
In all counties in this State, the Commis-
sioners' Court shall be authorized to deter-
mine whether precinct officers shall be com-
pensated on a fee basis or on a salary basis;
and in counties having a population of less
than 20,000 according to the then last pre-
ceding Federal Census, the Commissioners'
Court shall also have the authority to de-
termine whether county officers shall be
compensated on a fee basis or on a salary
basis." (Underscoring ours)

The underlined portion of the above quoted
Section of the Constitution gives the Commissioners'
Courts (in counties having a population of less than
20,000 inhabitants) "authority to determine whether coun-
ty officials shall be compensated on a fee basis or on a
salary basis". Section 1, House Bill 31, makes it mand-
atory that the Commissioners' Courts, in counties having
a population of not less than 10,000 nor more than 20,-
000 inhabitants, compensate the sheriffs thereof on an
annual salary basis. From reading these two provisions,
it can readily be seen that Section 1 of the above Bill
is in irreconcilable conflict with Section 61, Article
16 of the Texas Constitution. Therefore, it is our op-
inion that House Bill 31 is unconstitutional.

### SUMMARY

House Bill 31, 50th Legislature, making
it mandatory that the Commissioners' Courts
(in counties having a population of not less
than 10,000 nor more than 20,000 inhabitants)
compensate the sheriffs and their deputies on
an annual salary basis is in conflict with

the provisions of Section 61, Article 16
of the Constitution, and therefore it is
unconstitutional.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *J. C. Davis, Jr.*
J. C. Davis, Jr.
Assistant

JCD:djm:wb

APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN

APPROVED MARCH 6, 1947

*Price Daniel*
ATTORNEY GENERAL